UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY BRISCOE,

                Plaintiff,

v.

RONDA DeBOWER, et al.,

                Defendants.

C11-2183Z

ORDER

THIS MATTER comes before the Court on the Report and Recommendation ("R&R"), docket no. 11, of the Honorable James P. Donohue, United States Magistrate Judge. Having reviewed the R&R, plaintiff Gregory Briscoe's objections to the R&R, docket no. 14, and defendants' response to such objections, docket no. 16, the Court enters the following order.

**Background**

Having pleaded guilty to possession of cocaine, plaintiff was committed to the custody of the Washington Department of Corrections ("DOC") for 25 months, pursuant to the Drug Offender Sentencing Alternative ("DOSA"), RCW 9.94A.120(6) (1999). *See* Judgment and Sentence ("J&S") at ¶ 4.4(a) (Jan. 13, 2000), Ex. 1 to Motion (docket no. 10). Following his release from custody, plaintiff was required to serve 12 months of community custody, during which he was to participate in substance abuse treatment and

ORDER - 1

comply with several other conditions. See id. at ¶ 4.5. In September 2011, plaintiff's DOSA was revoked, and plaintiff returned to DOC custody for 260 days, which allegedly represented the remainder of his community custody period. See Ex. 2 to Motion (docket no. 10).

According to DOC's calculations, as of September 7, 2011, plaintiff had served 500 days of successful community custody supervision. Id. DOC mistakenly believed that plaintiff's sentence included 25 months (760 days) of community custody, and therefore computed the remaining, post-DOSA revocation term to be 260 days. Id. As set forth in the J&S, however, plaintiff's community custody period was only 12 months (365 days), and as of September 7, 2011, plaintiff had completed the required amount of supervision.

The imposition of 12 months (rather than 25 months) of community custody appears to have been erroneous, but defendants have provided no indication that this mistake was ever corrected by the King County Superior Court. The DOSA scheme envisions a period of incarceration followed by a period of community custody. Prior to July 25, 1999, the period of total confinement for a DOSA was "one-half of the midpoint of the standard range" and the period of community custody was "one year" (12 months). RCW 9.94A.120(6)(b) (1998). Amendments taking effect on July 25, 1999, revised the amount of community custody to "[t]he remainder of the midpoint of the standard range." Laws of 1999, ch. 197, § 4; see State v. Kane, 101 Wn. App. 607, 608, 5 P.3d 741 (2000) (indicating the effective date of the new DOSA provisions). Plaintiff's offense was committed after the effective date of the 1999 amendments, see J&S at ¶ 2.1 (docket no. 10-1 at 2), and but for the 1999 amendments, plaintiff would not have been eligible for a DOSA because he had prior felony convictions and the offense of conviction was not one of those enumerated in the previous DOSA statute. See Kane, 101 Wn. App. at 609. Thus, plaintiff's sentence should have reflected 25 months of community custody, but perhaps the then-recent revisions to the DOSA provisions caused some confusion concerning the appropriate form of judgment and

ORDER - 2

sentence. Defendants, however, have offered no rationale for ignoring the explicit language of the J&S.

In December 2011, while still incarcerated, plaintiff brought this action under 42 U.S.C. § 1983, challenging DOC's computations. Defendants moved to dismiss plaintiff's claims on several grounds, but the only one on which the R&R relied to recommend dismissal of this action is based on a jurisprudential rule first articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994). For the reasons explained below, the Court declines to apply the *Heck* doctrine in this case.

**Discussion**

In *Heck*, the United States Supreme Court held that "a state prisoner's damages claims that necessarily implied the invalidity of his conviction or sentence could not be maintained under § 1983 unless the prisoner proved 'that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) (quoting *Heck*, 512 U.S. at 486-87). In this case, plaintiff's § 1983 claim does not implicate the validity of his conviction or sentence; plaintiff's contention is that he served the entire term of incarceration and community custody required by the J&S and he should not have been returned to prison.[1] Thus, plaintiff's § 1983 claim is not barred under *Heck* and its progeny.

Moreover, as the Ninth Circuit recognized in *Nonnette*, even when success in a § 1983 action would imply the invalidity of the disciplinary proceeding that resulted in additional incarceration, *Heck* does not necessarily preclude the claim if the plaintiff is no longer in custody and cannot pursue habeas remedies through no fault of his or her own. *See* 316 F.3d

---

[1] To date, plaintiff's analysis has been focused on whether he was given due credit for time served. Defendants have responded that plaintiff's incarceration on other matters tolled the community custody period. By their own calculations, however, defendants have acknowledged that, as of September 7, 2011, plaintiff had served more than the 365 days of community custody imposed by the J&S.

ORDER - 3

at 876-77; <u>compare</u> <u>Guerrero v. Gates</u>, 442 F.3d 697, 705 (9th Cir. 2006) ("<u>Nonnette's</u> relief from <u>Heck</u> 'affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters,' not challenges to an underlying conviction such as those Guerrero brought." (quoting <u>Nonnette</u>, 316 F.3d at 878 n.7)).  Plaintiff in this case is in a situation similar to the plaintiff in <u>Nonnette</u>; when the § 1983 action was initiated, plaintiff was incarcerated, but now, when the Court must decide the justiciability of his claim, plaintiff is no longer in custody.  Moreover, like in <u>Nonnette</u>, plaintiff here challenges the calculation of his release date, as opposed to the validity of his underlying conviction or sentence, and the period of his additional incarceration was shorter than the time within which he was required to initiate a habeas proceeding.  In light of <u>Nonnette</u>, dismissal of plaintiff's § 1983 claim cannot be predicated on the <u>Heck</u> doctrine.

**<u>Conclusion</u>**

    For the foregoing reasons, the Court ORDERS as follows:

(1) The R&R, docket no. 11, is REJECTED;

(2) Defendants' motion to dismiss, docket no. 10, is DENIED in part and DEFERRED in part;

(3) This matter is REFERRED to Magistrate Judge Donohue for further proceedings;

(4) Plaintiff's motion for extension of time, docket no. 15, is STRICKEN as moot; and

(5) The Clerk is DIRECTED to send a copy of this Minute Order to all counsel of record, plaintiff pro se, and Magistrate Judge Donohue.

IT IS SO ORDERED.

DATED this 13th day of June, 2012.

                                                 /s/ Thomas S. Zilly
                                               Thomas S. Zilly
                                               United States District Judge