1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY BRISCOE,

              Plaintiff,

     v.

RONDA DeBOWER, et al.,

              Defendants.

C11-2183Z

ORDER

THIS MATTER comes before the Court on the Report and Recommendation ("R&R"), docket no. 20, of the Honorable James P. Donohue, United States Magistrate Judge. Having reviewed the R&R and defendants' objection thereto, to which plaintiff filed no response, the Court enters the following order.

**Discussion**

This case involves a sentence imposed pursuant to Washington's Drug Offender Sentencing Alternative ("DOSA"). A DOSA sentence consists of a term of incarceration followed by a period of community custody during which the offender must participate in substance abuse treatment and comply with certain other conditions. In July 1999, as a result of legislative amendments, the length of the community custody period changed

ORDER - 1

from one year (12 months) to one-half of the midpoint of the applicable standard range under Washington's sentencing guidelines. RCW 9.94A.120(6)(b) (1998); <u>see</u> Laws of 1999, ch. 197, § 4. In January 2000, plaintiff Gregory Briscoe received a DOSA sentence and, under the then-recently revised statutory provisions, plaintiff's community custody period should have been 25 months. The King County Superior Court, however, mistakenly entered a judgment and sentence ("J&S") imposing only 12 months of community custody. This error was rectified approximately one month later by entry of an order modifying the J&S to require plaintiff to serve 25 months of community custody. <u>See</u> Ex. 4 (docket no. 18-1).

In September 2011, over eleven years after the DOSA sentence at issue was imposed, it was revoked as a result of plaintiff's violation of one or more conditions of community custody, and plaintiff was returned to the custody of Washington's Department of Corrections ("DOC") for 260 days. Plaintiff now challenges, by way of a claim under 42 U.S.C. § 1983, the revocation of his DOSA sentence and his additional incarceration thereunder. Defendants Ronda DeBower and Patty Jordan, who are both DOC employees, moved to dismiss plaintiff's claims on four grounds, including that plaintiff's claim is barred under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and its progeny. <u>Heck</u> precludes a state prisoner's § 1983 claim if such claim necessarily implies the invalidity of the conviction or sentence at issue unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Id.</u> at 486-87. <u>Heck</u> does not, however,

ORDER - 2

1   prevent a § 1983 plaintiff from challenging the validity of a disciplinary proceeding that

2   resulted in additional incarceration when, at the time the § 1983 claim is brought, the

3   plaintiff is no longer in custody and cannot pursue habeas remedies through no fault of

4   his or her own.  _Nonnette v. Small_, 316 F.3d 872 (9th Cir. 2002).

5        When defendants brought their motion to dismiss, docket no. 10, they submitted in

6   support of their motion only the erroneous J&S, and not the subsequent order modifying

7   it.  Thus, when their motion was considered, the record reflected simply that, prior to the

8   revocation of his DOSA sentence, plaintiff had served more the entire term of community

9   custody (12 months), and the Court concluded that his § 1983 claim was not precluded by

10  _Heck_ because it did not implicate the validity of his conviction or sentence.  _See_ Order

11  (docket no. 17).  Defendants moved for reconsideration, filing a copy of the order that

12  corrected the J&S.  The Court declined to reconsider its prior ruling because defendants

13  had offered no explanation for failing to earlier provide a complete record and because,

14  even taking in account the order modifying the J&S, the Court was not persuaded that

15  dismissal under _Heck_ and its progeny was appropriate.  _See_ Minute Order (docket

16  no. 19).  The matter was referred to Magistrate Judge Donohue for further proceedings.

17       The pending R&R recommends dismissal of plaintiff's amended complaint

18  without prejudice and with leave to amend.  The R&R concludes that, although plaintiff

19  has sufficiently articulated alleged violations of the Eighth Amendment and the Due

20  Process Clause of the Fourteenth Amendment by asserting that he was incarcerated for a

21  period longer than authorized, plaintiff has failed to adequately state a claim for relief

22  because he has not pleaded with the requisite particularity any acts taken by defendants.

23

ORDER - 3

Defendants have objected to the R&R's suggestion that plaintiff be given an opportunity to amend his complaint.  Defendants point out that the R&R incorrectly assumes that the term of community custody at issue is only 12 months, and they argue that, when the actual period of 25 months is considered, plaintiff's claim that he was not credited with all of the time on which he was on community custody prior to the revocation of his DOSA is not cognizable and must be dismissed with prejudice.

Defendants' contention is more appropriately brought as a motion for summary judgment and not a motion under Rule 12(b)(6).  In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  If the Court were to consider matters outside the complaint, as defendants' position would require, the Court would have to convert defendants' motion into one for summary judgment.  *See* Fed. R. Civ. P. 12(d).  The Court declines to do so.  Construing plaintiff's complaint liberally in light of his pro se status, the Court concludes that he has stated a "plausible" claim that an error occurred in calculating the amount of time he spent on community custody before his DOSA was revoked; plaintiff has not, however, sufficiently alleged who made the mistake or how.  The Court agrees with the R&R that plaintiff must be granted leave to amend his complaint.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)    The R&R, docket no. 20, is ADOPTED in part and MODIFIED in part; the R&R is modified to reflect that the J&S at issue was amended to impose a community custody period of 25 months, rather than 12 months;

(2)    Plaintiff's complaint, docket no. 5, is DISMISSED without prejudice and with leave to amend; any amended complaint shall be filed by plaintiff **no later than Friday, November 16, 2012**; plaintiff is ADVISED that failure to timely file an amended complaint shall be grounds for dismissing this case with prejudice;

(3)    This matter is REFERRED to Magistrate Judge Donohue for further proceedings;

(4)    The Clerk is DIRECTED to send a copy of this Order to all counsel of record, plaintiff pro se, and Magistrate Judge Donohue.

IT IS SO ORDERED.

Dated this 28th day of September, 2012.

_Thomas S. Zilly_
Thomas S. Zilly
United States District Judge